# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 25-0754V

| | |
|---|---|
| JULIE BANSCH-WICKERT,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 17, 2025 |

*Jessica Anne Olins*, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.

*Margaret Armstrong*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON DAMAGES[1]

On May 1, 2025, Julie Bansch-Wickert filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination received on June 4, 2024. Petition at 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 24, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On December 16, 2025, Respondent filed a Proffer on an award of compensation ("Proffer"). Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with the proffered award. *Id.* at 1-2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $65,011.26 (representing $64,500.00 for pain and suffering, and $511.26 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** Proffer at 1-2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.* at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JULIE BANSCH-WICKERT,<br><br>                          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                          Respondent. | No. 25-754V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

On May 1, 2025, Julie Bansch-Wickert ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination received on June 4, 2024.  Petition at 1, 5.  On November 21, 2025, the Secretary of Health and Human Services ("respondent") filed his Vaccine Rule 4(c) Report, concluding that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury.  *See* ECF No. 17.  On November 24, 2025, Chief Special Master Corcoran issued a ruling on entitlement, finding petitioner entitled to compensation for a SIRVA Table injury.  *See* ECF No. 19.

**I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$64,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$511.26.** *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$65,011.26** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Julie Bansch-Wickert.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

                                             Respectfully submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General

                                             JONATHAN D. GUYNN
                                             Acting Director
                                             Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

          HEATHER L. PEARLMAN
          Deputy Director
          Torts Branch, Civil Division

          ALEXIS B. BABCOCK
          Assistant Director
          Torts Branch, Civil Division

          <u>/s/ Margaret Armstrong</u>
          MARGARET ARMSTRONG
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146, Benjamin Franklin Station
          Washington, D.C. 20044-0146
          Tel:  (202) 616-4043
          E-mail:  margaret.armstrong@usdoj.gov

Dated:  December 16, 2025